IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JAMES NESMITH,<br>    Plaintiff, | * | |
| | * | |
| vs. | | |
| | * | CASE NO. 3:21-CV-43 (CDL) |
| GEORGIA RENEWABLE POWER, LLC, *et al*, | * | |
|     Defendants. | | |
| | * | |
| | * | |
| JAMES SWEATMAN, *et al.*,<br>    Plaintiffs, | * | |
| | | |
| vs. | * | CASE NO. 3:21-CV-44 (CDL) |
| | | |
| GEORGIA RENEWABLE POWER, LLC, et al, | * | |
|     Defendants. | * | |
| | * | |
| DONNIE GETTYS, *et al.*,<br>    Plaintiffs, | * | |
| | | |
| vs. | * | CASE NO. 3:21-CV-53 (CDL) |
| | | |
| GEORGIA RENEWABLE POWER, LLC, et al, | * | |
|     Defendants. | * | |
| | * | |
| JUSTIN PRUITT, *et al.*,<br>    Plaintiffs, | * | |
| | | |
| vs. | * | CASE NO. 3:21-CV-55 (CDL) |
| | | |
| GEORGIA RENEWABLE POWER, LLC, et al, | * | |
|     Defendants. | * | |

O R D E R

Presently pending before the Court are the GRP Defendants' motions to the amend scheduling order in one case that is scheduled

for trial during the Court's May 2024 Athens trial term and three cases that the parties designated as replacement cases for the May 2024 trial term in the event that the scheduled case settles before trial.  Now that the cases have been set down for trial, the GRP Defendants want to file partial summary judgment motions on Plaintiffs' continuing nuisance claims in these four cases.  As discussed below, the GRP Defendants failed to establish good cause to amend the scheduling order, so the Court denies the motions to amend the scheduling order (ECF No. 12 in Nesmith, 3:21-cv-43; ECF No. 13 in Sweatman, 3:21-cv-44; ECF No. 13 in Gettys, 3:21-cv-53; ECF No. 12 in 3:21-cv-55).

The applicable scheduling order set the dispositive motion deadline in these cases as September 30, 2022.  Am. Sched Order (June 2, 2022), ECF No. 30 (Text Only Order).  Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  To meet this standard, the party seeking the extension must demonstrate that it acted with diligence and that there was no undue delay.  *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).  The GRP Defendants did not meet this standard.

After extended briefing on the timely dispositive motions and related motions to exclude evidence, the Court entered an order denying summary judgment on the continuing nuisance claims of the Nesmith, Sweatman, Gettys, and Pruitt Plaintiffs.  Order (June 16,

2023), ECF No. 186 in 3:21-cv-42.  Ninety days later, in September 2023, the parties took updated sound measurements for the Nesmith, Sweatman, Gettys, and Pruitt properties.  About sixty days after that, in November 2023, the parties filed a joint motion to sever, designating Sweatman as their bellwether case for continuing nuisance and Nesmith, Gettys, and Pruitt as the replacement cases. The Court granted that motion in November 2023 and put the parties on notice that it intended to try at least one continuing nuisance bellwether case during the May 2024 Athens trial term, with a pretrial conference to be held in April, and that the replacement cases should also be ready to try.  Order (Nov. 20, 2023), ECF No. 219 in 3:21-cv-42.  On March 4, 2024, the Court entered a notice of pretrial conference in the two bellwether cases and entered an order explaining that the replacement cases should be ready to try and that a separate notice of pretrial conference was forthcoming in those cases.

On March 6, 2024, nearly six months after the updated sound measurements were taken and more than three and a half months after the parties designated Sweatman, Nesmith, Gettys, and Pruitt as their continuing nuisance cases for the May trial term, the GRP Defendants filed their motion seeking to file a new dispositive motion.  The only justification the GRP Defendants offer for failing to seek an amendment soon after they took additional sound measurements on September 14, 2023 is that they were engaged in

3

settlement discussions. Settlement discussions are not good cause for amending the scheduling order. And, the GRP Defendants offered no reason for the undue delay that would either result in (1) delaying the trial of the designated continuing nuisance cases or (2) making the parties and the Court expedite dispositive motion briefing and consideration while at the same time preparing for trial.

Finding no good cause for an amendment of the scheduling order, the Court denies the motions to amend (ECF No. 12 in Nesmith, 3:21-cv-43; ECF No. 13 in Sweatman, 3:21-cv-44; ECF No. 13 in Gettys, 3:21-cv-53; ECF No. 12 in 3:21-cv-55).[1]

IT IS SO ORDERED, this 8th day of March, 2024.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA

---

[1] Of course, Plaintiffs have a continuing duty not to waste judicial resources by presenting claims that are no longer viable. But the proper mechanism for avoiding the presentation of such claims at this stage of the proceedings is for Plaintiffs to voluntarily dismiss such claims if they determine that they no longer have a good faith basis for asserting them.